**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GREAT-WEST LIFE & ANNUITY INSURANCE )
COMPANY, a Colorado corporation; and )
GREAT-WEST LIFE ASSURANCE COMPANY, )
a Canadian insurance company, )
           )
           Plaintiffs, )
           )     **No. 06 C 2481**
        v. )
           )     **Judge John W. Darrah**
DANA CREDIT CORPORATION, a Delaware )
corporation, )
           )
           Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Great-West Life & Annuity Insurance Company ("Great-West") and Great-West

Life Assurance Company ("Great-West Assurance"), filed suit against Defendant, Dana Credit

Corporation, alleging default of certain loans. Presently before the Court is Plaintiffs' Motion for

Summary Judgment.

### UNDISPUTED FACTS

On April 8, 1997, Dana Credit executed a promissory note, PPN 23583*BS5 (the "GW

Note") for a loan in the principal sum of $13,000,000 from Great-West (the "GW Loan"). (Plaint.'s

56.1(a)(3) Statement ¶¶ 10-11). That same day, Dana Credit and Great-West executed a note

agreement (the "GW Note Agreement") to govern the GW Loan. (Id., ¶ 12). The GW Note and GW

Note Agreement provide that interest shall accrue on the unpaid principal amount through the

maturity date at the rate of 7.03 percent per annum. (Id., ¶ 13). The GW Note and the GW Note

Agreement also provide that, upon any default in payment, interest shall accrue on any principal and interest in arrears at the rate of 9.03 percent per annum from the date of the default through the date of the actual payment (both before and after judgment). (Id., ¶ 14).

Great-West performed all of its obligations under the GW Note and the GW Note Agreement as to which performance was due. (Plaint.'s 56.1(a)(3) Statement ¶ 15). Dana Credit made certain payments of principal and interest in accordance with the GW Note Agreement. (Id., ¶ 16). On April 8, 2006, the maturity date under the GW Note Agreement, the outstanding principal in the amount of $4,550,000, plus interest in the amount of $159,932.50, per the GW Note Agreement, for a total of $4,709,932.50 (the "GW Final Payment") became due and payable from Dana Credit to Great-West. (Id., ¶ 17). Dana Credit failed to make the GW Final Payment. (Id., ¶ 17).

On April 11, 2006, Great-West formally notified Dana Credit that the loan was in default and demanded Dana Credit make the GW Final Payment. (Plaint.'s 56.1(a)(3) Statement ¶ 19). Dana Credit has not paid any portion of the GW Final Payment. (Id., ¶ 20). Pursuant to the GW Note and the GW Note Agreement, since April 8, 2006, interest is accruing on the GW Final Payment at the rate of $1,165.22 per diem until the date of actual payment, both before and after judgment. (Id., ¶¶ 21-22).

The same day that Dana Credit executed a promissory note for the loan with Great-West, Dana Credit also executed a second promissory note, PPN 23583*BS5 (the "GWA Note") for a loan in the principal sum of $7,000,000 from Great-West Assurance (the "GWA Loan"). (Plaint.'s 56.1(a)(3) Statement ¶¶ 23-24). That same day, Dana Credit and Great-West Assurance executed a note agreement (the "GWA Note Agreement") to govern the GWA Loan. (Id., ¶ 25). The GWA Note and the GWA Note Agreement provide that interest shall accrue on the unpaid principal

2

amount through the maturity date at the rate of 7.03 percent per annum. (Id., ¶ 26). The GWA Note and the GWA Note Agreement provide that, upon any default in payment, interest shall accrue on any principal and interest in arrears at the rate of 9.03 percent per annum from the date of the default through the date of the actual payment (both before and after judgment). (Id., ¶ 27).

Great-West Assurance performed all of its obligations under the GWA Note and the GWA Note Agreement as to which performance was due. (Plaint.'s 56.1(a)(3) Statement ¶ 28). Dana Credit made certain payments of principal and interest in accordance with the GWA Note Agreement. (Id., ¶ 29). On April 8, 2006, the maturity date under the GWA Note Agreement, the outstanding principal in the amount of $2,450,000, plus interest in the amount of $86,117.50, per the GWA Note Agreement, for a total of $2,536,117.50 (the "GWA Final Payment") became due and payable from Dana Credit to Great-West. (Id., ¶ 30). Dana Credit failed to make the GWA Final Payment. (Id., ¶ 31).

On April 11, 2006, Great-West Assurance formally notified Dana Credit that the loan was in default and demanded Dana Credit make the GWA Final Payment. (Plaint.'s 56.1(a)(3) Statement ¶ 32). Dana Credit has not paid any portion of the GWA Final Payment. (Id., ¶ 33). Pursuant to the GWA Note and the GWA Note Agreement, since April 8, 2006, interest is accruing on the GWA Final Payment at the rate of $1,165.22 per diem until the date of the actual payment, both before and after judgment. (Id., ¶¶ 21-22).

Both the GW Note Agreement and the GWA Note Agreement provide, in pertinent part, that Dana Credit pay all "reasonable expenses, including, without limitation, attorneys' fees, incurred by" Great-West and Great-West Assurance in connection with the enforcement of the agreements. (Plaint.'s 56.1(a)(3) Statement ¶ 33).

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986) (*Celotex*). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*).

Dana Credit does not dispute that it is in default of the GW Note and the GWA Note. Dana Credit argues that Great-West and Great-West Assurance are not entitled to final judgment on the loans because (1) Plaintiffs seek attorneys' fees and expenses pursuant to the GW Note Agreement and the GWA Note Agreement and (2) Plaintiffs are not entitled to post-judgment interest at the contract rate.

A party may petition the court for attorneys' fees and "related nontaxable expenses" after entry of judgment on the merits. Fed. R. Civ. P. 54(d)(2)(A); Local Rule 54.3(a). Dana Credit concedes that the resolution of legal fees, contractual or statutory, does not prevent judgment on the merits from being final and does not affect the jurisdiction of the appellate court. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988); *Continental Bank v. Everett*, 964 F.2d 701, 702 (7th Cir. 1992). However, Dana Credit argues that final judgment on the defaulted loans should be denied because Plaintiffs are seeking "expenses," which could include costs other than attorney's fees and costs, and the resolution of the these expenses is an open damages issue. In response,

4

Plaintiffs aver that in their subsequent Rule 54(b) motion they will seek reimbursement of attorneys' fees, costs, and "only those expenses that Plaintiffs' attorneys will have directly incurred in connection with enforcing the Notes and the Note Agreements, including the litigation of this action." Furthermore, as a practical matter, if Plaintiffs should seek "expenses" not properly within the scope of Rule 54(d) or that are not reasonable, such "expenses" would be denied. Accordingly, Plaintiffs' subsequent Rule 54(b) motion does not prevent final judgment at this time.

Dana Credit also argues that Plaintiffs are not entitled to post-judgment interest at the contracted rate; instead, the post-judgment interest rate must be calculated at the statutory rate found in 28 U.S.C. § 1961.

Section 1961 of Title 28 provides a uniform rate at which post-judgment interest accrues on civil money judgments awarded in federal district court. *See* 28 U.S.C. § 1961; *Central States Southeast & Southwest Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1019 (7th Cir. 2001) (*Bomar*); *Westinghouse Credit Corp. v. D'urso*, 371 F.3d 96, 101 (2nd Cir. 2004) (*D'urso*). Section 1961 provides, in pertinent part, that "interest shall be calculated . . . at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." However, it "is well established that parties can agree to an interest rate other than the standard one contained in 28 U.S.C. § 1961." *Bomar*, 253 F.3d at 1019; *see also D'urso*, 371 F.3d at 101 ("parties may by contract set a post-judgment rate at which interest shall be payable").

5

Dana Credit concedes that the Seventh Circuit (as well as other Circuit Courts) has found that parties may by contract agree to a different post-judgment rate than that provided by Section 1961. Dana Credit argues that *Bomar* incorrectly relied upon a Ninth Circuit case that was decided previous to Section 1961's amendment in 1982. Dana Credit cites to *BP Products North America, Inc. v. Youseef*, 296 F. Supp. 2d 1351 (M.D. Fla. 2004) (*BP Products*) in support of its argument. However, while the *BP Products* court took issue with the Ninth Circuit authority, it did not dispute the basic premise that parties may override the statutory interest rate set forth in Section 1961. *See BP Products*, 296 F. Supp. 2d at 1354-55; *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 244 F. Supp. 2d 1250, 1272-75 (D. Kan. 2003) (same). Furthermore, *Bomar* was decided after the 1982 amendment to Section 1961 and has not been overruled or modified by the Seventh Circuit or the Supreme Court. Accordingly, Plaintiffs are entitled to post-judgment interest at the contract rate.

Dana Credit also argues that post-judgment interest should be calculated pursuant to Section 1961 because Plaintiffs did not sufficiently plead that they were seeking post-judgment interest at the contract rate. *See BP Products*, 296 F. Supp. 2d at 1355 (applying statutory rate because the plaintiff failed to notify the defendant of its intent to seek interest at the contract rate in its pleadings and the pretrial order).

Here, Plaintiffs allege in their Complaint, in pertinent part, that the parties contracted post-judgment interest at 9.03 percent per annum from the date of the default through the date of the payment. The contracts were also attached to the Complaint. Plaintiffs also pled for "[i]nterest upon

all outstanding sums, accruing through the time of payment." Plaintiffs' pleadings gave sufficient notice to Dana Credit that it was seeking post-judgment interest at the contract rate.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment is granted.

Dated: _October 12, 2006_

_____
JOHN W. DARRAH
United States District Court Judge